**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| RADLEY JEROME BRADFORD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TMII ENTERPRISES, LLC D/B/A A1 GARAGE DOOR DOCTOR<br><br>Defendant. | No. 4:26-cv-2839<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED CLASS ACTION COMPLAINT**

1.     Radley Jerome Bradford ("Plaintiff"), through his attorneys, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant TMII Enterprises, LLC d/b/a A1 Garage Door Doctor ("Garage Door Doctor" or "Defendant").

2.     This class action arises from Defendant's persistent disregard for federal law—specifically, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3.     This case is also brought pursuant to the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code § 305.001 et seq. (the "Texas Act").

4.     Defendant uses unlawful and invasive telemarketing tactics to drum up business.

5.     Defendant flooded Plaintiff with invasive telemarketing solicitations in clear violation of the TCPA.

6.     Now, Plaintiff brings this class action on behalf of himself, and all others harassed by Defendant and its unlawful telemarketing tactics.

1

## PARTIES

7.      Plaintiff, Radley Jerome Bradford, is a natural person and a citizen of Texas in this District.

8.      Defendant, TMII Enterprises, LLC d/b/a A1 Garage Door Doctor, is a limited liability company that made calls into Texas.

## JURISDICTION AND VENUE

9.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

10.     This Court has personal jurisdiction over Defendant because it directed telemarketing calls to Texas which establishes sufficient minimum contacts for claims arising from those telemarketing calls.

11.     Thus, Defendant knew, or should have known, that it was directing telephone solicitations into Texas.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

*The Telephone Consumer Protection Act*

13.     Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted).

14.     "The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It

means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

15.     As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq.* and its implementing regulations 47 C.F.R. § 64.1200 *et seq.*

16.     The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(c)(5).

17.     For damages, the TCPA provides "$500 in damages for each such violation[.]" 47 U.S.C. §§ 227(c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. *Id*.

18.     Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13).

19.     The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

20.     A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular

telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

21.     The TCPA prohibits calling any "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §§ 64.1200(c)(2). Notably, "[s]uch do-not-call registrations must be honored indefinitely[.]" *Id*.

22.     For such violations, the TCPA provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

***The Texas Telephone Solicitation Act***

23.     The Texas Legislature enacted the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code § 305.001 et seq. (the "Texas Act"), to protect Texas residents from intrusive and unwanted telemarketing communications.

24.     Like its federal counterpart, the Texas Act was enacted to safeguard the privacy rights of individuals and to prevent the nuisance, invasion of privacy, and disruption caused by unsolicited telemarketing communications.

25.     The Texas Act regulates "telephone solicitations," which are defined as telephone calls or messages initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Tex. Bus. & Com. Code § 305.001.

26.     The Texas Act prohibits a person from making a telephone solicitation using an automatic dialing announcing device unless the recipient has made a prior express request to

receive the communication or has otherwise provided prior express consent. Tex. Bus. & Com. Code § 305.053.

27.    An "automatic dialing announcing device" includes equipment that stores or produces telephone numbers to be called and automatically dials those numbers and plays a recorded or automated message.

28.    Telemarketing calls sent using automated systems constitute "telephone solicitations" under the Texas Act when they are sent for the purpose of encouraging the purchase of goods or services.

29.    The Texas Act also provides that "[a] person who receives a communication that violates 47 U.S.C. Section 227 [the TCPA], a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication." Tex. Bus. & Com. Code § 305.053(a).

30.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry[.]"

31.    47 C.F.R. § 64.1200(e) further provides that the TCPA's do-not-call regulations apply to "any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

32.    The Texas Act therefore authorizes a private right of action against persons who initiate telemarketing calls in violation of the TCPA's implementing regulations, including violations of 47 C.F.R. § 64.1200(c).

33.     Under the Texas Act, a prevailing plaintiff may recover statutory damages of $500 per violation, and up to $1,500 per violation for knowing or intentional conduct. Tex. Bus. & Com. Code § 305.053.

34.     The Texas Act also authorizes injunctive relief to prevent further unlawful telephone solicitations.

***Plaintiff Radley Jerome Bradford and Defendant's Telemarketing Contact***

35.     Plaintiff is an individual and a "person" under the meaning of 47 U.S.C. § 153(39).

36.     Plaintiff's cellular telephone number is 832-873-XXXX (the "telephone number").

37.     To avoid unsolicited telemarketing calls, the number has been on the National Do-Not-Call Registry since March 31, 2019.

38.     Plaintiff uses his telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

39.     During this time, Plaintiff has been the sole payer of any bills arising from his telephone number.

40.     Plaintiff has never received a reimbursement from any business for his telephone number.

41.     The Plaintiff does not have a landline telephone.

42.     As explained below, Defendant violated the TCPA numerous times.

43.     Plaintiff received four telemarketing text messages from Defendant at caller ID (602) 587-1685 from September 2025 to January 2026.

44.     The first text message was sent by Defendant on September 25, 2025 and stated the following:

Hey Radley, this is Garage Door Doctor.

We have a new referral program!
Earn up to $200 for successful referrals! Here's your personalized referral link, enter referrals through this to get credit! We appreciate you!

https://referpro.co/r/garage-door-doctor/pm9CwG

Reply STOP to opt out"

45.     Plaintiff replied to the text message by stating "opt out" because he did not wish to be contacted.

46.     Despite that request, Defendant sent Plaintiff three more text messages on October 17, 2025, December 2, 2025, and January 16, 2026.

47.     The three subsequent text messages were all identical to the first text message sent to Plaintiff.

48.     The calls constituted telephone solicitations within the meaning of the TCPA because they were initiated for the purpose of encouraging the purchase of Defendant's goods and services.

49.     The calls received by Plaintiff were part of a telemarketing campaign conducted by or on behalf of Defendant to promote its garage door services to consumers.

50.     Defendant's telemarketing campaign was designed to generate leads and drive sales for its garage door repair and installation business.

51.     The economic objective of the campaign was to obtain paying customers and generate revenue from garage door repair and installation services.

52.     Accordingly, the calls made to Plaintiff were made for the purpose of encouraging the purchase of goods or services and constitute telemarketing within the meaning of the TCPA.

53.     Defendant acquired and/or operated the Garage Door Doctor business beginning in or around June 2023 through an acquisition associated with A1 Garage Door Service.

54.     Following the acquisition, the business continued operating under the Garage Door Doctor branding while utilizing Defendant's marketing infrastructure and telemarketing operations.

55.     The text messages were impersonal and generic in nature, containing standardized promotional content.

56.     Upon information and belief, Defendant used equipment that automatically dialed telephone numbers from a stored list and connected answered calls to available agents.

57.     The calls exhibited characteristics commonly associated with predictive dialer technology, including standardized timing, and the absence of meaningful human involvement in the dialing process.

58.     The calls were placed using equipment with the capacity to store telephone numbers and dial such numbers automatically.

## CLASS ACTION ALLEGATIONS

59.     Plaintiff brings this class action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of the following:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation text message or call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.

> **Internal Do Not Call Class:** All persons within the United States: (1) who requested that Defendant stop calling them; (2) but who received more than one telephone solicitation text message or call from Defendant or a third party acting on Defendant's behalf after

making such request; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.

**Texas Telephone Solicitation Class:** All persons within the State of Texas: (1) received one or more marketing text message or call from Defendant; (2) using the same or similar dialing equipment used to contact the Plaintiff or (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least 31 days; (4) within the four years prior to the filing of the Complaint.

60. Excluded from the Class are Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

61. Plaintiff reserves the right to amend the class definition.

62. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on class-wide bases using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

63. **Ascertainability**. All members of the proposed Class are readily ascertainable from information in Defendant's custody and control. Specifically, all members of the proposed Class can be ascertained through analysis of Defendant's phone records.

64. **Numerosity**. The Class Members are so numerous that joinder of all Class Members is impracticable. Upon information and belief, the proposed Class includes at least several thousand members. After all, telemarketing campaigns necessarily involve communication with large groups of people.

65. **Typicality**. Plaintiff's claims are typical of those of Class Members because all such claims arise from Defendant's unlawful telemarking practices.

66.    **Adequacy**. Plaintiff will fairly and adequately protect the proposed Class's common interests. His interests do not conflict with Class Members' interests. And Plaintiff's counsel has substantial experience in complex class action litigation and an expertise in TCPA litigation.

67.    **Commonality and Predominance**. Plaintiff's and the Class's claims raise predominantly common fact and legal questions—which predominate over any questions affecting individual Class Members—for which a class wide proceeding can answer for all Class Members. In fact, a class wide proceeding is necessary to answer, *inter alia*:

a.    whether Defendant violated the TCPA;

b.    whether Defendant violated the TCPA willfully and knowingly;

c.    whether Plaintiff is entitled to statutory damages;

d.    whether Plaintiff is entitled to treble damages;

e.    whether Defendant should be enjoined from further TCPA violations.

68.    **Superiority**. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that individual litigation against Defendant would require. Thus, it would be practically impossible for Class Members, on an individual basis, to obtain effective redress for their injuries. Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of

scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

69.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

70.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing text messages or calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

71.     Defendant's violations were negligent, willful, or knowing.

72.     As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

73.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing text messages or calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

11

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act – Internal Do Not Call List**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

74.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

75.     The TCPA's implementing regulations require entities that make telephone solicitations to maintain a company-specific "do-not-call" list of persons who have requested not to receive such calls. 47 C.F.R. § 64.1200(d).

76.     On September 25, 2025, Plaintiff expressly requested that Defendant cease making telemarketing text messages to his cellular telephone number by replying "stop."

77.     Despite Plaintiff's express request, Defendant continued to place telemarketing calls to Plaintiff's cellular telephone on October 17, 2025, December 2, 2025, and January 16, 2026.

78.     Defendant failed to maintain and honor an internal do-not-call list as required by 47 C.F.R. § 64.1200(d).

79.     Defendant's violations were negligent, willful, or knowing.

80.     As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, and 47 C.F.R. § 64.1200(d), Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 in damages for each and every call made in violation and up to $1,500 in damages if the calls are found to be willful.

81.     Plaintiff and the members of the Internal Do Not Call Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to persons who have requested to be placed on Defendant's internal do-not-call list.

**THIRD CAUSE OF ACTION**
**Violation of the Texas Telephone Solicitation Act**
**(Tex. Bus. & Com. Code § 305.001 et seq.)**

82.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

83.    The Texas Act prohibits a person from making a telephone solicitation using an automatic dialing announcing device unless the recipient has provided prior express consent. Tex. Bus. & Com. Code § 305.053.

84.    The Texas Act defines "telephone solicitation" as a telephone call or message that is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Tex. Bus. & Com. Code § 305.001.

85.    Calls that promote goods or services constitute "telephone solicitations" under the Texas Act.

86.    At all relevant times, Plaintiff was a resident of Texas and received Defendant's telemarketing calls in Texas.

87.    Defendant's calls were sent using an automatic dialing system or similar automated technology that qualifies as an automatic dialing announcing device under the Texas Act.

88.    The Texas Act also provides that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication." Tex. Bus. & Com. Code § 305.053(a).

89.    Defendant violated regulations adopted under 47 U.S.C. § 227.

13

90.     Specifically, Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to Plaintiff and members of the Texas Telephone Solicitation Class despite their telephone numbers being listed on the National Do Not Call Registry.

91.     Plaintiff and members of the Texas Telephone Solicitation Class received more than one telemarketing text message or call from Defendant within a twelve-month period.

92.     Defendant's conduct constitutes multiple violations of Tex. Bus. & Com. Code § 305.053.

93.     The Texas Act provides a private right of action for a person who receives a communication in violation of the statute.

94.     As a result of Defendant's violations of the Texas Act, Plaintiff is entitled to recover statutory damages of $500 per violation and attorneys fees.

95.     If the Court finds that Defendant knowingly or intentionally violated the Texas Act, Plaintiff is entitled to recover additional damages as permitted by statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from making telemarketing calls to any telephone number on the National Do Not Call Registry in the future;

B.     Injunctive relief prohibiting Defendant from making telemarketing calls to anyone who has requested that Defendant stop calling;

C.     That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

14

D.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

E.      Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


RESPECTFULLY SUBMITTED AND DATED this 29th day of May, 2026.


*/s/ Anthony Paronich*
Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff*