**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

RADLEY JEROME BRADFORD, on behalf
of himself and all others similarly situated,

        Plaintiff,

    v.

TMII ENTERPRISES, LLC D/B/A A1
GARAGE DOOR DOCTOR,

        Defendant.

§
§
§
§
§
§
§
§
§
§
§
§

NO. 4:26-cv-2839

**DEFENDANT'S MOTION TO DISMISS THE
<u>FIRST AMENDED CLASS ACTION COMPLAINT AND MEMORANDUM IN
SUPPORT</u>**

**TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................................ 2

III.  LEGAL STANDARD ........................................................................................... 3

IV.   ARGUMENT ....................................................................................................... 3

      A.    Plaintiff Fails to State a TCPA Claim Because Cell Phones Are Not
            "Residential" Landlines Under Section 227(c) ......................................... 4

            1.    The Plain Text of Section 227(c) Is Limited to "Residential"
                  Landlines ........................................................................................ 4

            2.    The FCC's Interpretation of the TCPA is Wrong and Does Not
                  Control ............................................................................................ 7

            3.    Plaintiff Does Not Plead Contact to a Residential Phone ............ 8

      B.    Plaintiff Fails to State a Claim Under the Texas Telephone Solicitation
            Act Because It Is Contingent on His Failed TCPA Claims ...................... 9

V.    CONCLUSION .................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................3

*Bradford v. Sovereign Pest Control of TX, Inc.*,
167 F.4th 809 (5th Cir. 2026) ........................................................................................8

*In re Burnett*,
635 F.3d 169 (2011).......................................................................................................5

*Cherkaoui v. Santander Consumer USA, Inc.*,
32 F. Supp. 3d 811 (S.D. Tex. 2014) ............................................................................9

*Cunningham v. Air Voice, Inc.*,
No. 419CV00096ALMCAN, 2020 WL 9936139, (E.D. Tex. Feb. 14, 2020),
*report and recommendation adopted*, No. 4:19-CV-96, 2020 WL 1433948
(E.D. Tex. Mar. 24, 2020)..............................................................................................6

*Cunningham v. Britereal Mgmt.*,
No. 4:20-CV-144-SDJ-KPJ, 2020 WL 7391693, 2020 U.S. Dist. LEXIS
236135 (E.D. Tex. Nov. 20, 2020), *report and recommendation adopted*, 2020
WL 7388415, 2020 U.S. Dist. LEXIS 235956 (E.D. Tex. Dec. 16, 2020)...............6

*Cunningham v. Creative Edge Mktg. LLC*,
No. 419CV00669ALMCAN, 2021 WL 3085415 (E.D. Tex. June 16, 2021),
*report and recommendation adopted,* No. 4:19-CV-669, 2021 WL 3085399
(E.D. Tex. July 20, 2021)............................................................................................6, 8

*Cunningham v. Enagic USA, Inc.*,
No. 3:15-0847; 2017 WL 2719992, *5-6 (M.D. Tenn. June 23, 2017), *report
and recommendation adopted sub nom. Cunningham v. Polselli*, No. CV 15-
00847, 2017 WL 2935784 (M.D. Tenn. July 10, 2017) ...........................................7

*Cunningham v. Politi*,
No. 418CV00362ALMCAN, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26,
2019), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL
2526536 (E.D. Tex. June 19, 2019 .....................................................................6, 7, 8, 9

*Cunningham v Spectrum Tax Relief*,
No. 3:16-2283, 2017 WL 3222559, *3 (M.D. Tenn. July 7, 2017), *report and
recommendation adopted*, No. 3:16-CV-02283, 2017 WL 3220411 (M.D.
Tenn. July 28, 2017) ...................................................................................................6, 7

*Cunningham v. Sunshine Consulting Grp., LLC,*
No. 3:16-cv-02921, 2018 WL 3496538 (M.D. Tenn. July 20, 2018), *report and recommendation adopted*, No. 3:16-cv-02921, 2018 WL 5728534 (M.D. Tenn. Aug. 7, 2018) ................................................................................................6

*Facebook, Inc. v. Duguid,*
592 U.S. 395 (2021)..................................................................................................4, 5

*Gaker v. Q3M Insurance Solutions,*
No. 3:22-CV-00296-RJC-DSC, 2023 WL 2472649 (W.D.N.C. Feb. 8, 2023).........................6

*Hernandez v. Causey,*
124 F.4th 325 (5th Cir. 2024) .................................................................................3

*Johnson v. Palmer Admin. Services, Inc.,*
No. 622CV00121JCBKNM, 2022 WL 17546957, at *8 (E.D. Tex. Oct. 20, 2022), *report and recommendation adopted*, No. 6:22-CV-00121, 2022 WL 16919786 (E.D. Tex. Nov. 14, 2022) ...................................................................6

*McLaughlin Chiropractic Association, Inc. v. McKesson Corporation,*
606 U.S. 146 (2025)..................................................................................................7, 8

*Myrick v. Adapthealth, LLC,*
No. 6:22-CV-00484-JDK, 2023 WL 5162396 (E.D. Tex. June 26, 2023), *report and recommendation adopted,* No. 6:22-CV-484-JDK, 2023 WL 4488848 (E.D. Tex. July 12, 2023)................................................................7, 8

*Rotkiske v. Klemm,*
589 U.S. 8 (2019)......................................................................................................5

*In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991,*
18 F.C.C. Rcd. 14039 (2003).................................................................................7

*Seago v. O'Malley,*
91 F.4th 386 (5th Cir. 2024) ...................................................................................4

*Shields v. Dick,*
No. 3:20-CV-00018, 2020 WL 5522991 (S.D. Tex. July 9, 2020) ...........................9

*United States v. Kaluza,*
780 F.3d 647 (5th Cir. 2015) ...................................................................................4

*Vizza Wash, LP v. Nationwide Mut. Ins. Co.,*
496 F. Supp. 3d 1029 (2020) ...................................................................................8

**Statutes**

47 U.S.C § 227(c) ................................................................................................ *passim*

47 U.S.C. § 227(b)(1) ................................................................................................................7

47 U.S.C. § 227(b)(1)(A)(iii) ....................................................................................................5

47 U.S.C. § 227(b)(1)(B) ...........................................................................................................5

47 U.S.C. § 227(c)(1)..................................................................................................................4

47 U.S.C. § 227(c)(5)...........................................................................................................3, 4, 6

TEX. BUS. & COM. CODE § 305.001 ...........................................................................................3

TEX. BUS. & COM. CODE § 305.053(a) .......................................................................................9

**Other Authorities**

47 C.F.R. § 64.1200(c)...........................................................................................................3, 4

47 C.F.R. § 64.1200(d) .....................................................................................................3, 4, 6, 7

Fed. R. Civ. P. § 12(b)(6)......................................................................................................1, 2

Defendant TMII ENTERPRISES, LLC ("TMII Enterprises"), through undersigned counsel, hereby moves to dismiss Plaintiff's First Amended Class Action Complaint ("Amended Complaint"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.      **<u>INTRODUCTION</u>**

Plaintiff received four text messages between September 2025 and January 2026.  Now he has filed a putative class action against TMII Enterprises asserting three causes of action under the Telephone Consumer Protection Act ("TCPA") and Texas Telephone Solicitation Act.

The four text messages at issue are claimed—by Plaintiff—to be a part of a broader "telemarketing campaign" conducted by TMII Enterprises to promote its garage door services. Because Plaintiff's phone number is, and was at the time, on the National Do-Not-Call Registry, Plaintiff contends that he is automatically entitled to relief.  But fatal to Plaintiff's claim is that the TCPA (and the Texas Telephone Solicitation Act, derivatively) do not apply to cell phone users. Indeed, the plain text of Section 227(c) of the TCPA applies only to ***residential telephone subscribers***.  The omission of cell phones from Section 227(c) is meaningful because Congress expressly referenced cell phones in other TCPA provisions and distinguished them from residential phones.  Even though the Federal Communications Commission ("FCC") has stated it would "presume" that the protections of Section 227(c) may be applied to cellular telephones, district courts are no longer compelled to follow the FCC's interpretations of the statutory text, especially where—as here—the interpretation conflicts with the plain meaning of the TCPA.

Plaintiff attempts to plead around this requirement by alleging that he uses his cell phone for "personal, residential, and household purposes."  The purpose for which Plaintiff uses his cell phone, however, does not change the fact that his cell phone is not a ***residential landline***. Accordingly, Plaintiff fails to state a claim, and the Court should dismiss Plaintiff's Amended Complaint against TMII Enterprises in its entirety.

## II.     FACTUAL BACKGROUND

In this TCPA case, Plaintiff, an individual who, at all relevant times, resided in Texas and owned a cell phone, alleges that between September 2025 to January 2026 he received four telemarketing text messages from TMII enterprises on his cell phone.[1] ECF No. 6, Amended Complaint ("Amend. Compl.") ¶¶ 7, 43, 86.  At the time, Plaintiff's cell phone had allegedly been registered on the National Do-Not-Call Registry since March 2019.  *Id.*  ¶ 37.  Plaintiff claims that he received these text messages as "part of a telemarketing campaign conducted by or on behalf of Defendant to promote its garage door services to consumers."[2]  *Id.* ¶ 49.  He brings these claims on behalf of himself and "all others harassed by Defendant and its unlawful telemarketing tactics."  *Id.* ¶ 6.

Plaintiff does not allege that TMII Enterprises ever called him on a residential telephone.  Rather, his allegations are limited to four identical text messages that were sent to his cell phone, which he asserts is used for "personal, residential, and household purposes."  *Id.* ¶¶ 38, 47.  The content of the alleged text messages identified the sender as the "Garage Door Doctor" and advertised a "new referral program" with the option to "[r]eply STOP to opt out[.]"  *Id.* ¶ 44.  According to Plaintiff, the "economic objective" of these messages was "to obtain paying customers and generate revenue from garage door repair and installations services."  *Id.* ¶ 51.

On April 10, 2026, Plaintiff initiated this putative class action, and, on May 29, 2026, he filed an Amended Complaint.  *See* ECF Nos. 1, 7.  The Amended Complaint asserts three causes

---

[1] Solely for purposes of Fed. R. Civ. P. 12(b)(6) and this motion, TMII Enterprises assumes the truth of well-pleaded facts and inferences contained in Plaintiff's Amended Complaint.

[2] At various points, Plaintiff's Amended Complaint appears to use the terms "text message" and "calls" interchangeably.  *Compare* Amend. Compl. ¶ 46 ("Defendant sent Plaintiff three more text messages") *with id.* ¶ 49 ("The calls received by Plaintiff were part of a telemarketing campaign").  Because Plaintiff does not allege any facts to suggest that TMII Enterprises ever *called* his phone number, TMII Enterprises refers to all alleged communications as text messages.

of action against TMII Enterprises, on behalf of himself and three putative classes, under the TCPA, 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) and (d), and the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code § 305.001 *et seq*. *See* Amend. Compl. ¶¶ 1-6, 59, 69-95.  For the reasons discussed below, each of Plaintiff's claims fail.

## III.    LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). "Dismissal is appropriate if the facts pled are not enough to state a facially plausible claim for relief." *Hernandez v. Causey*, 124 F.4th 325, 331 (5th Cir. 2024). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678 (internal citation and quotation marks omitted). Instead, a complaint must demonstrate more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see Hernandez,* 124 F.4th at 331.

## IV.    ARGUMENT

For the reasons stated below, Plaintiff has not plausibly alleged facts sufficient to support a claim for relief under either the TCPA or Texas Telephone Solicitation Act.[3]  As such, this Court should dismiss Plaintiff's Amended Complaint in its entirety.

---

[3] While Plaintiff's Amended Complaint purports to only assert TCPA claims under Section 227(c), it includes extraneous allegations that suggest an attempt to plead around the requirements of Section 227(b), which regulates the use of automatic telephone dialing systems ("ATDS"). *See* Amend. Compl. ¶¶ 56 ("Upon information and belief, Defendant used equipment that automatically dialed telephone numbers from a stored list and connected answered calls to available agents.").  To the extent Plaintiff asserts a Section 227(b) claim, Plaintiff's allegations are grossly inadequate, given that he fails to allege that TMII Enterprises used a "random or sequential number generator" as part of an ATDS. *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (finding that, to qualify as an "automatic telephone dialing system" within the meaning of TCPA, a device must have the capacity either to store or produce a telephone number using a

### A. Plaintiff Fails to State a TCPA Claim Because Cell Phones Are Not "Residential" Landlines Under Section 227(c)

Plaintiff alleges that TMII Enterprises violated the TCPA under the "do not call" provisions set forth in 47 U.S.C. § 227(c)(5) because it sent four text messages to his cell phone, despite his number having been on the National Do-Not-Call Registry. *See* Amend. Compl. ¶¶ 37, 43. But the plain text of Section 227(c), and its implementing regulations at 47 C.F.R. § 64.1200(c) and (d), unambiguously apply only to telephone solicitations made to ***residential subscribers***, not cell phones. *See* 47 U.S.C. § 227(c)(1) ("[T]he Commission shall initiate a rulemaking proceeding concerning the need to protect ***residential telephone subscribers'*** privacy rights[.]") (emphasis added); 47 C.F.R. § 64.1200(d) ("No person or entity shall initiate any artificial or prerecorded-voice telephone call… for telemarketing purposes to a ***residential telephone subscriber***[.]") (emphasis added). Absent allegations that TMII Enterprises contacted a residential landline, Plaintiff's TCPA claims should be dismissed.

#### 1. The Plain Text of Section 227(c) Is Limited to "Residential" Landlines

Plaintiff's 227(c) claim fails because the plain text of the statute does not apply to cell phones—it only applies to residential landlines.

When the text of a statute is "plain and unambiguous," courts will enforce it according to its terms. *Seago v. O'Malley*, 91 F.4th 386, 390 (5th Cir. 2024) (quoting *United States v. Kaluza*, 780 F.3d 647, 658 (5th Cir. 2015). Section 227(c) is no exception. Had Congress intended Section 227(c) to also apply to cell phones, it would have said so. *See Seago*, 91 F.4th at 391 (recognizing the "fundamental principle of statutory interpretation that absent provision[s] cannot be supplied by the courts") (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 14 (2019) (brackets in original)). Indeed,

---

random or sequential generator). As such, Plaintiff's Section 227(b) claim, to the extent he asserts one, must be dismissed.

where the TCPA applies to cell phones, it says so expressly and distinguishes them from residential phones.

For example, Congress recognized this distinction in Section 227(b) of the TCPA by imposing separate restrictions on the use of certain technologies to contact cellular and residential telephone numbers. *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) (restricting the use of automated telephone dialing systems "to any telephone number assigned to a … ***cellular telephone service***") (emphasis added) *with id.* § 227(b)(1)(B) (restricting the use of artificial or prerecorded voices in calls to any "***residential telephone line*[s]**") (emphasis added); *see also Facebook, Inc. v. Duguid*, 592 U.S. 395, 409 (2021) (treating home phones and cell phones distinct in reference to the TCPA provisions that "prohibit[] calls using 'an artificial or prerecorded voice' to various types of phone lines"). Despite expressly referencing cell phones in Section 227(b), Congress made no such reference in Section 227(c). And this Court can presume that choice was intentional. *See In re Burnett,* 635 F.3d 169, 172 (5th Cir. 2011) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.") (internal citations and quotations omitted).

The use of the word "subscribers," as opposed to "lines," in Section 227(c) does not undermine the omission of the word cell phones from the provision, or justify disregarding the distinction Congress deliberately drew in Section 227(b). *See* 47 U.S.C. §§ 227(b) and (c)(3)). That Section 227(c) serves a different purpose—protecting the privacy of residential telephone subscribers rather than regulating the use of certain technologies—is no reason to expand the provision to cover users of all types of telephone lines. *See id.* It cannot be that Congress would signal a massive statutory expansion with such subtle difference in phrasing.

While no Circuit—including the Fifth Circuit—has addressed this issue, many district courts in this Circuit agree that Section 227(c) does not encompass cell phones. *See Johnson v. Palmer Admin. Services, Inc.*, No. 622CV00121JCBKNM, 2022 WL 17546957, at *8 (E.D. Tex. Oct. 20, 2022), *report and recommendation adopted*, No. 6:22-CV-00121, 2022 WL 16919786 (E.D. Tex. Nov. 14, 2022) ("The majority of the persuasive precedent holds 47 C.F.R. § 64.1200(d) does not encompass cell phones") (internal citation omitted); *Cunningham v. Creative Edge Mktg. LLC*, No. 419CV00669ALMCAN, 2021 WL 3085415, at *4 (E.D. Tex. June 16, 2021), *report and recommendation adopted,* No. 4:19-CV-669, 2021 WL 3085399 (E.D. Tex. July 20, 2021) ("Various courts, including this Court, have considered similar claims by Plaintiff, and found that the regulation does not encompass Plaintiff's cell phone") (internal citation omitted); *Cunningham v. Air Voice, Inc.*, No. 419CV00096ALMCAN, 2020 WL 9936139, at *5 (E.D. Tex. Feb. 14, 2020), *report and recommendation adopted*, No. 4:19-CV-96, 2020 WL 1433948 (E.D. Tex. Mar. 24, 2020); *Cunningham v. Britereal Mgmt.*, No. 4:20-CV-144-SDJ-KPJ, 2020 WL 7391693, at *7 (E.D. Tex. Nov. 20, 2020), *report and recommendation adopted*, No. 4:20-CV-144-SDJ-KPJ, 2020 WL 7388415 (E.D. Tex. Dec. 16, 2020) ("[T]elemarketing calls made to cell phones do not fall under TCPA 227(c)(5)'s purview.") (internal citation omitted); *Cunningham v. Politi*, No. 418CV00362ALMCAN, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26, 2019), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL 2526536 (E.D. Tex. June 19, 2019).[4]

---

[4] Courts in other Circuits agree that Section 227(c) does not apply to cell phones. *See, e.g., Gaker v. Q3M Ins. Sols.*, No. 3:22-CV-00296-RJC-DSC, 2023 WL 2472649, at *3 (W.D.N.C. Feb. 8, 2023); *Cunningham v. Sunshine Consulting Grp., LLC*, No. 3:16-cv-02921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018), *report and recommendation adopted*, No. 3:16-cv-02921, 2018 WL 5728534 (M.D. Tenn. Aug. 7, 2018); *Cunningham v Spectrum Tax Relief*, LLC, No. 3:16-2283, 2017 WL 3222559, *3 (M.D. Tenn. July 7, 2017), *report and recommendation adopted*, No. 3:16-CV-02283, 2017 WL 3220411 (M.D. Tenn. July 28, 2017); *Cunningham v. Enagic USA, Inc.*, No. 3:15-0847; 2017 WL 2719992, *5-6 (M.D. Tenn. June 23, 2017), *report*

In holding so, these district courts properly rely on the plain language of the provision, which unambiguously applies only to residential phones. *See, e.g., Politi*, 2019 WL 2519702, at *4 ("The plain language of 47 C.F.R § 64.1200(d) states that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber[.]'"). As such, this Court should hold, consistent with the many courts that have addressed the issue, that plain text of Section 227(c) does not encompass cell phones within the scope of its private right of action.

### 2. The FCC's Interpretation of the TCPA is Wrong and Does Not Control

While many courts agree that Section 227(c) unambiguously applies only to residential phones, other courts have found the opposite. District courts that disagree improperly rely on guidance from the Federal Communications Commission ("FCC") that attempts to expand the scope of the TCPA to cell phone users. *See, e.g., Myrick v. Adapthealth, LLC*, No. 6:22-CV-00484-JDK, 2023 WL 5162396, at *3 (E.D. Tex. June 26, 2023), *report and recommendation adopted,* No. 6:22-CV-484-JDK, 2023 WL 4488848 (E.D. Tex. July 12, 2023) (relying, in part, on the FCC's 2003 Report and Order to find that a "residential telephone subscriber" can encompass cell phone users). That guidance, without any citation or analysis, finds that "it is more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections." *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003) (the "2003 Order") (citing 47 U.S.C. § 227(b)(1)).

Nevertheless, following the Supreme Court's June 2025 decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, this court is "not bound by the agency's interpretation." 606 U.S. 146, 155 (2025). Instead, this Court "***must*** independently determine

---

*and recommendation adopted sub nom. Cunningham v. Polselli*, No. CV 15-00847, 2017 WL 2935784 (M.D. Tenn. July 10, 2017).

whether an agency's statutory interpretation is correct." *Id.* at 147 (emphasis added). Where, as here, an agency ignores the plain meaning of a statute, the interpretation is not entitled to any deference. *See Bradford v. Sovereign Pest Control of TX, Inc.*, 167 F.4th 809, 812 (5th Cir. 2026) (rejecting the FCC's interpretation of Section 227(b) of the TCPA when inconsistent with the statutory text). Because, as previously discussed, the plain text of Section 227(c) does not encompass cell phones, (*supra* Section IV(A)(1)), this Court should reject the FCC's improper expansion of the TCPA and hold accordingly. *See Politi*, 2019 WL 2519702, at *4.

### 3.      Plaintiff Does Not Plead Contact to a Residential Phone

Given that Section 227(c), as written, limits recovery under its private right of action to "residential telephone subscribers," Plaintiff's TCPA claims can only succeed if he alleges contact with a residential phone. Here, Plaintiff's TCPA claims rest solely on four identical text messages that purportedly Plaintiff received on his cell phone. Amend. Compl. ¶¶ 44, 46. A cellphone is plainly not a residential landline. And even if a cell phone *could* qualify as a residential "line," Plaintiff's conclusory contention that he uses his cell phone for residential purposes is insufficient to state a claim. *See Creative Edge Mktg. LLC*, 2021 WL 3085415, at *4 (finding that a cell phone does not qualify as a residential phone under Section 227(c)). *But see Myrick*, 2023 WL 5162396, at *3 (finding that Section 227(c) can apply to cell phones that are used for residential purposes). Thus, because Plaintiff's Section 227(c) claims are entirely based on messages sent to his cell phone, the claims should be dismissed with prejudice. *See Vizza Wash, LP v. Nationwide Mut. Ins. Co.*, 496 F. Supp. 3d 1029 (W.D. Tex. 2020) ("Where amendment would be futile, the court need not grant the plaintiff leave to amend.") (internal citations and quotations omitted).

**B.** **Plaintiff Fails to State a Claim Under the Texas Telephone Solicitation Act Because It Is Contingent on His Failed TCPA Claims**

Plaintiff also asserts TMII Enterprises' conduct violated the Texas Telephone Solicitation Act, which creates a private right of action for violations of 47 U.S.C § 227. TEX. BUS. & COM. CODE § 305.053(a) (providing that "[a] person who receives a communication that violates 47 U.S.C. Section 227" may bring an action for damages). Because, as discussed above, Plaintiff fails to state a claim under the TCPA (*supra* Section A), his state law claim necessarily fails. *See Shields v. Dick*, No. 3:20-CV-00018, 2020 WL 5522991, at *3 (S.D. Tex. July 9, 2020) ("Section 305.053 'proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of' Section 305.053"); *Politi*, 2019 WL 2519702, at *7 ("Because Plaintiff's underlying (federal) TCPA claims fail, Plaintiff's state TCPA claim under § 305.053 also fails"); *Cherkaoui v. Santander Consumer USA, Inc.,* 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ("If no violation of the TCPA exists, there is no violation of the Texas TCPA."). Accordingly, Plaintiff's Texas Telephone Solicitation Act claim should be dismissed with prejudice.

**V.** **CONCLUSION**

For the foregoing reasons, Defendant TMII Enterprises respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

-9-

DATED:           July 22, 2026                    Respectfully submitted,

**PAUL HASTINGS LLP**

By:  */s/ Michelle Reed*
Michelle Reed
**Texas Bar No. 24041758**
michellereed@paulhastings.com

2001 Ross Avenue
Suite 2700
Dallas, TX 75201
Telephone:  (972) 936-7500
Facsimile:  (972) 936-7501

Stephanie Balitzer (pro hac vice forthcoming)
California State Bar No. 316133
stephaniebalitzer@paulhastings.com
Jeni Griffin (pro hac vice forthcoming)
California State Bar No. 359758
jenigriffin@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

**ATTORNEYS FOR DEFENDANT**
**TMII ENTERPRISES, LLC**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on July 22, 2026 via ECF notification.

*/s/ Michelle Reed*
Michelle Reed