**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RADLEY JEROME BRADFORD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TMII ENTERPRISES, LLC D/B/A A1 GARAGE DOOR DOCTOR,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 4:26-cv-2839 |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE
<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>**

Plaintiff's Opposition missteps on two separate grounds.  First, Plaintiff asks the Court to add the term "cellular telephone" into Section 227(c) of the Telephone Consumer Protection Act ("TCPA") by arguing that its plain reading is "outdated."  Opposition ("Opp."), ECF No. 19, at 5. But it is for Congress to decide whether the TCPA requires updating, not the judiciary.  Thus, Plaintiff's resort to public policy justifications, agency interpretation, and legislative history simply do not change the as-drafted text.  Second, Plaintiff simultaneously (and incorrectly) avers that Defendant TMII's plain text reading requires adoption of an "unprecedented rule," despite a multitude of decisions from district courts in this circuit saying otherwise.  Opp. at 6.  For these reasons and those explained herein, Plaintiff's arguments should be rejected.

I.      **Plaintiff Fails to Counter that Section 227(c) Does Not Apply to Cell Phones**

Plaintiff's Opposition fails to rebut TMII's argument that Section 227(c) does not cover Plaintiff's claims, as Plaintiff has not, and cannot, demonstrate that the term "residential subscribers" was intended to encompass cell phone users.[1]  Though the Act does not define "residential subscribers," the term's meaning is illuminated by reading the Act's two related sections on private rights of action—Sections 227(b)(3) and 227(c)(5)—together.  Section 227(b) (unlike the provision in question here) *expressly* covers both cell phones and residential landlines. Conversely, Section 227(c), which is at issue here, does *not* reference cell phones.  Rather, it protects "*residential telephone subscribers'* privacy rights to avoid receiving telephone solicitations to which they object."  47 U.S.C. § 227(c)(1) (emphasis added).  Thus, Section 227(c)'s silence as to cellphones reflects Congress's deliberate choice to limit Section 227(c)'s protections to residential subscribers, excluding cell phone users.  Plaintiff does not refute this

---

[1] Plaintiff does not deny that the Complaint does not adequately plead a Section 227(b) claim or that his Texas Telephone Solicitation Act claim is derivative of his deficient TCPA claims (and therefore falls with it).  Plaintiff has abandoned these claims.  *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

straightforward exercise of *expressio unius* statutory interpretation.  Instead, Plaintiff relies on (1) the TCPA's definition of "telephone solicitations," (2) Section 227(c)'s use of the term "subscriber" rather than "line," (3) inapposite legislative history, and (4) non-binding agency interpretations of the TCPA.   Each argument falls flat.

*First*, Plaintiff contends that the definition of "telephone solicitations" is broad enough to cover "[s]olicitations to cell phones."  Opp. at 7-8.  But the term "telephone solicitations" is used throughout the TCPA and does not expand *the class of persons* who may recover under Section 227(c) to include cell phone users.   More importantly, the problem with Plaintiff's proposed interpretation is that it renders the term "residential" surplusage, contrary to cardinal principles of statutory construction.  *United States v. Lawrence*, 727 F.3d 386, 393 (5th Cir. 2013).  As one court explained, the use of the word "residential" has effect:  the term "residential telephone" limits that term to phones exclusively used in a residence, and therefore excludes "a cellular telephone, which can be used anywhere." *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 362 n.7 (E.D. Pa. 2019), *aff'd*, 805 F. App'x 156 (3d Cir. 2020).

*Second*, Plaintiff's argument that "residential telephone subscribers" only relates to the purpose of phone use also fails.  *See* Opp. at 8-10.  That is because a related section of the statute, Section 227(b), does in fact distinguish "cellular telephone service[s]" from "residential telephone line[s]." *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) *with id.* § 227(b)(1)(B).  Further, the use of the term "subscribers" as opposed to "lines" in Section 227(c) reflects the reality that persons, not telephone lines, are capable of registering their numbers on the National Do Not Call Registry; it does not silently expand the scope of the provision to encompass cell phone users.  Similarly, the definition of "residential subscribers" in 47 C.F.R. § 64.2305(d), an unrelated regulatory subpart

-2-

that contrasts the term with a "business subscriber," says nothing about the meaning of the term in the TCPA, which is governed by its own implementing regulations.

*Third*, Plaintiff's reliance on generic legislative history cannot rewrite Section 227(c). *See* Opp. at 10. Congress designed a statutory scheme in the TCPA that explicitly includes cell phones in Section 227(b) but not in Section 227(c). *Even if* the Court were to look to legislative history, it shows that Congress chose to modify other sections of the TCPA, but not Section 227(c).[2]

*Fourth*, Plaintiff heavily relies on the FCC's adoption of a flawed interpretation of Section 227(c). But Plaintiff does not deny that the Court is not bound by the FCC's interpretation. Opp. at 11. And Congress's delegation of rulemaking authority to the FCC does not alter this conclusion. Indeed, the plain text of Section 227(c) makes clear that Congress delegated only the operational details of *how* to establish the National Do-Not-Call list, not the question of *who* should be protected.

Relatedly, many of Plaintiff's cites—including cases decided post-*Loper Bright*—are inapposite and fail to perform the independent statutory analysis required by *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, 606 U.S. 146, 155 (2025).[3] For example, *Horton v. MultiPlan Inc.*, 2024 WL3380236, at *8 (N.D. Tex. June 7, 2024), addresses the issue in the context of a claim under 47 C.F.R. § 64.1200(d)—not Section 227(c)—and *Horton* failed to conduct an independent analysis of statutory text to find that "residential subscribers" can encompass cell phone users. Likewise, *Duron v. Kings Cap. Holding LLC* relies solely on other

---

[2] *See, e.g.,* Pub. L. No. 114-74, § 301, 129 Stat. 584, 588 (Nov. 2, 2015).

[3] TMII Enterprises recognizes, as Plaintiff noted in his Opposition, that one Circuit—the Ninth Circuit—has, in fact, addressed this issue. *See Chennette v. Porch.com, Inc.*, 50 F.4th 1217 (9th Cir. 2022). However, like the other inapposite district court cases Plaintiff cites, *Chennette* "[r]el[ies] on the FCC's regulations and orders" and fails to perform the independent statutory analysis to conclude that cell phones can qualify as residential. *Id*. at 1224-25.

district courts and the FCC to find cell phones actionable under Section 227(c).  2026 WL 319779, at *5 (W.D. Tex. Jan. 13, 2026).[4]  *Cranor v. 5 Star Nutrition, L.L.C.,* 998 F.3d 686, 690-91 (5th Cir. 2021) is also distinguishable; there the Fifth Circuit solely addressed the question of Article III standing.  And *Abboud v. Lotta Dough, LLC,* 2025 U.S. Dist. LEXIS 35547, at *4 (W.D. Tex. Feb. 27, 2025) does not consider this question, but rather addresses questions of vicarious liability under the TCPA.[5]

Similarly unpersuasive are Plaintiff's attempts to undermine decisions correctly holding that Section 227(c) applies only to "residential subscribers."  *See* Opp. at 14-16.  Because *Gaker v. Q3M Insurance Solutions* was decided by a magistrate judge does not undermine the decision's persuasiveness, particularly where, as there, the court carefully considered the text of Section 227(c) in finding that its protections do not extend to cell phones. 2023 WL 2472649, at *2-3 (W.D.N.C. Feb. 8, 2023).  The *Cunningham* cases also held—contrary to Plaintiff's assertion— that Section 227(c) does not encompass cell phones based on the text of the provision.  *See, e.g., Cunningham v. Politi*, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26, 2019).[6]  And, although *Johnson v. Palmer Administrative Services, Inc.* ultimately concluded that plaintiff's allegations

---

[4] *See also Guadian v. United Tax Def. LLC*, 2024 WL 140249, at *5 (W.D. Tex. Jan. 12, 2024); *Hunsinger v. Alpha Cash Buyers, LLC*, 2022 WL 562761, at *2 (N.D. Tex. Feb. 24, 2022); *Powers v. One Techs., LLC*, 2022 WL 2992881, at *3 (N.D. Tex. July 28, 2022); *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 131 (N.D. Tex. 2020).

[5] Setting aside that many of Plaintiff's cited cases are out-of-circuit, many of them failed to undertake an independent analysis of Section 227(c)'s statutory text or granted significant deference to agency interpretation.  *See, e.g., Clemens v. Consumer Sol. Ctr*., *et al*., 2025 WL 2604494, at *6 n.6 (E.D. Va. July 14, 2025); *Harriel v. Bealls, Inc*., 2025 WL 2379617, at *2 (M.D. Fla. Aug. 15, 2025); *Newman v. SGMS, Inc*., 2025 WL 2524131, at *2 (W.D.N.C. Sept. 2, 2025).

[6] Plaintiff's criticism of the *Cunningham* cases on the ground that they all involve the same "serial pro se plaintiff" rings hollow given that Plaintiff likewise relies on decisions involving serial TCPA litigants represented by Plaintiff's own counsel.  *See, e.g., Jackson v. Direct Bldg. Supplies LLC*, 2024 WL 184449 (M.D. Pa. Jan. 17, 2024), ECF No. 12.  And *Plaintiff himself* is a serial litigant–having filed at least 65 cases in both state and federal court to-date, including a host of TCPA cases.

were insufficient if *arguendo* Section 227(c) covers cell phones, the court recognized that a "majority of persuasive precedent holds" it does not.  2022 U.S. Dist. LEXIS 207008, at *22 (E.D. Tex. Oct. 20, 2022).

## II.    <u>Plaintiff Has Not Adequately Pled that His Cellphone is a Residential Line</u>

Plaintiff's final claim that he has adequately alleged his cell phone is a "residential line" also fails.  *See* Opp. at 19-20.  To be sure, Plaintiff contends that he uses his phone for "personal, residential, and household purposes," but such a conclusory statement, absent sufficient facts is not enough to make a cell phone a "residential line."  For instance, unlike some of the cases Plaintiff cites, he does not allege the "domestic tasks that he performs with his phone," nor does he allege that he does not use his cell phone for any business purpose or at work.[7]  For the foregoing reasons, Defendant TMII respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

DATED:          August 3, 2026                    Respectfully submitted,

**PAUL HASTINGS LLP**

By: */s/ Michelle Reed*
Michelle Reed
**Texas Bar No. 24041758**
michellereed@paulhastings.com
2001 Ross Avenue, Suite 2700
Dallas, TX 75201
Telephone:  (972) 936-7500

**ATTORNEYS FOR DEFENDANT TMII**

---

[7] *See Cacho v. McCarthy & Kelly LLP,* 739 F. Supp. 3d 195, 208 (S.D.N.Y. 2024); *Isaacs v. USHEALTH Advisors, LLC*, 2025 U.S. Dist. LEXIS 152625, at *9 (N.D. Ga. Aug. 7, 2025) ("Plaintiff has alleged that he uses his cell phone solely for 'personal and residential purposes,' such as communicating with friends and family, and that he does not use his cell phone for a business."); *Lirones v. Leaf Home Water Sols., LLC*, 2024 U.S. Dist. LEXIS 165900, at *2 (N.D. Ohio Sep. 16, 2024); *Wilson v. Hard Eight Nutrition LLC*, 804 F. Supp. 3d 1141, 1145 (D. Or. 2025) (alleging the same).

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on August 3, 2026 via ECF notification.

*/s/ Michelle Reed*
Michelle Reed