**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| RADLEY JEROME BRADFORD, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TMII ENTERPRISES, LLC D/B/A A1 GARAGE DOOR DOCTOR <br><br> Defendant. | Civil Action  4:26-cv-02839 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Radley Jerome Bradford ("Plaintiff") and Defendant TMII Enterprises, LLC d/b/a A1 Garage Door Doctor ("Defendant") (together "the Parties") hereby submit this Joint Discovery/ Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedures as follows below.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The meeting between the parties was held virtually on **July 21, 2026**, by and between:

   For Plaintiff:  Anthony Paronich
   Texas Bar Number MA678437
   Paronich Law, P.C.
   350 Lincoln Street Ste. 2400
   Hingham, MA 02043
   Phone:  617-485-0018

   For Defendant:  Michelle Reed
   Texas Bar No. 24041758
   Paul Hastings LLP
   Ross Avenue, Suite 2700
   Dallas, TX 75201

Telephone:  (972) 936-7500

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3.  **<u>Briefly</u> describe what this case is about.**

   Plaintiff brings this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Texas Telephone Solicitation Act (Tex. Bus. & Com. Code §§ 305.001 et seq.).  He alleges (1) that Defendant sent him four unsolicited telemarketing text messages promoting Defendant's garage door repair and installation services, and (2) his cell phone number was registered on the National Do Not Call Registry.  Defendant disputes Plaintiff's allegations and asserts that Plaintiff's claims are meritless and should be dismissed.

4.  **Specify the allegation of federal jurisdiction.**

   The basis for federal jurisdiction is 28 U.S.C. § 1331, as Plaintiff asserts claims under the TCPA.

5.  **Name the parties who disagree and the reasons.**

   None.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiff may add additional parties such as marketing vendors, to the extent any had a role in the communications at issue.

7.  **List anticipated interventions.**

   None at this time.

8.  **Describe class-action issues.**

   The parties dispute whether certification of the three putative classes of individuals (i.e. the National Do Not Call Registry Class, the Internal Do Not Call Class, and the Texas Telephone Solicitation Class) is proper and merited here.  Plaintiff contends that the requirements of Rule 23 are satisfied because common questions concerning Defendant's telemarketing practices predominate and can be resolved through common proof, including Defendant's calling records and related telemarketing data. Defendant contends that a number of individualized inquiries

2

will predominate over common questions, and reserves its right to argue this and other bases to oppose class certification.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not completed their initial disclosures. Plaintiff proposes exchanging Rule 26(a)(1) initial disclosures within 14 days after entry of the Court's Scheduling Order. Defendant proposes exchanging initial disclosures within 14 days after the Court rules on Defendant's Motion to Dismiss (ECF No. 16).

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

       1. Rule 26(f)(3)(A): what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

          Plaintiff proposes exchanging Rule 26(a) initial disclosures within 14 days after entry of the Court's Scheduling Order. Defendant proposes exchanging Rule 26(a) initial disclosures within 14 days after resolution of its Motion to Dismiss.

       2. Rule 26(f)(3)(B): the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

          Plaintiff proposes that discovery proceed on a unified schedule because the issues relevant to class certification substantially overlap with the merits. Defendant proposes initially prioritizing discovery related to class certification issues in the interests of efficiency and to facilitate resolution of class certification issues upfront; Defendant also proposes conducting phased fact and expert discovery.

       3. Rule 26(f)(3)(C): any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

          The parties anticipate they will enter into a stipulated protective order and stipulation related to the discovery of electronically stored information. The parties may confer on search terms reasonably necessary to locate ESI and will endeavor to reach agreement on reasonable and appropriate search terms. The parties agreed to service of discovery via email to counsel of record. There are no anticipated disputes at this time.

3

4. <u>Rule 26(f)(3)(D): any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;</u>

Once discovery commences, the parties will enter into a stipulated protective order to secure confidential or proprietary information and address any privilege issues. There are no anticipated disputes at this time.

5. <u>Rule 26(f)(3)(E): what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and</u>

Plaintiff does not propose any changes to the limitations on discovery imposed by the Federal Rules or Local Rules. Defendant proposes staying discovery during the pendency of its Motion to Dismiss. The parties otherwise do not propose any additional limitations on discovery.

**b. When and to whom the plaintiff anticipates it may send interrogatories.**

The Plaintiff has served interrogatories.

**c. When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates serving interrogatories to Plaintiff following full briefing and resolution of its Motion to Dismiss, to ensure the most efficient and streamlined discovery process. Thus, Defendant estimates it will send interrogatories to Plaintiff by November 2026 and/or before the ordered discovery deadline.

**d. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the oral depositions of the Defendant's 30(b)(6) representative, and may also take the depositions of other individuals involved in the underlying events. Plaintiff could take those depositions by October or November of 2026 if discovery proceeds in the ordinary course.

4

  e. **Of whom and by when the defendant anticipates taking oral depositions.**

   Defendant anticipates taking the oral deposition of Plaintiff by January 31, 2027 and/or before the ordered discovery deadline.

  f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

   The parties anticipate they will be able to designate experts and provide expert reports on or before the following dates:

   Experts for party bearing a burden of proof: February 28, 2027
   Rebuttal Experts: March 30, 2027

  g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

   The Plaintiff will take the deposition of the Defendant's counter-expert by May 1, 2027.

  h. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

   Defendant intends to take the deposition of Plaintiff's expert by May 1, 2027 and/or before the relevant, ordered discovery deadline.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff opposes any stay of initial disclosures or discovery. Plaintiff proposes that discovery proceed under a unified schedule because the issues relevant to class certification substantially overlap with the merits. Plaintiff agreed to a thirty (30) day extension of Defendant's deadline to respond to Plaintiff's First Set of Interrogatories and Requests for Production but does not agree that discovery should otherwise be stayed or delayed.

Plaintiff opposes Defendant's proposed stay of initial disclosures and discovery. The mere pendency of Defendant's Motion to Dismiss does not warrant delaying discovery and Defendant's generalized assertions that discovery may prove "unnecessary, unduly burdensome, expensive, and fruitless" if its Motion to Dismiss is granted do not establish a basis for delaying discovery in the interim.

Moreover, Plaintiff has already accommodated Defendant's concerns regarding the timing and burden of its current discovery obligations by agreeing to a thirty (30) day extension of Defendant's deadline to respond to Plaintiff's First Set of Interrogatories and Requests for Production. Defendant therefore has additional time to prepare its responses without imposing a broader stay of discovery.

Plaintiff also disputes Defendant's assertion that a stay would cause no prejudice. Staying initial disclosures and discovery for an indefinite period pending resolution of Defendant's Motion to Dismiss would necessarily delay Plaintiff's prosecution of this putative class action, including Plaintiff's ability to obtain discovery relevant to class certification and to move the case toward class-certification proceedings. Plaintiff therefore requests that discovery proceed in the ordinary course, subject to the thirty-day extension Plaintiff has already agreed to provide Defendant.

Defendant proposes that initial disclosures and other discovery be temporarily stayed (or delayed) pending resolution of Defendant's pending Motion to Dismiss, which if granted would dispose of the entire action.  In light of that, it will be most efficient to defer the significant costs and fees attendant to discovery in this class action matter until those threshold issues are resolved.  Indeed, Plaintiff has already served significant written discovery on Defendant with an impending deadline, which could be unnecessary, unduly burdensome, expensive, and fruitless if Plaintiff's claims prove to be legally untenable (as Defendant contends).  Moreover, Plaintiff will not be prejudiced by this temporary stay, and as such the benefits of this temporary reprieve will outweigh the costs (if any).

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiff has served its First Set of Interrogatories and Requests for Production on Defendant. Defendant has not yet served written discovery.

13. **State the date the planned discovery can reasonably be completed.**

Plaintiff proposes that all fact discovery, including discovery relevant to both class certification and the merits, be completed by May 1, 2027. Defendant proposes initially limiting discovery to class certification issues.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting**

The parties are amenable to engaging in settlement discussions.  Both parties recognize that some discovery may be necessary to meaningfully evaluate a potential settlement.

6

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties are considering undertaking settlement discussions.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties may engage private mediation services after some discovery is completed.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to a trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiff has demanded a jury and asserted a timely jury demand in his Complaint.

**19. Specify the number of hours it will take to present the evidence in this case.**

It will take Plaintiff approximately 20 hours to present evidence in this case if proceeding on a classwide basis. It will take Plaintiff approximately 5 hours to present evidence in this case if proceeding on an individual basis.

Preliminary discovery is necessary before Defendant can meaningfully evaluate the amount of time it will take to present evidence in this case. However, Defendant roughly estimates a 4-5 day trial (24-30 hours total) if the case proceeds to trial on an individual basis.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21. List other motions pending.**

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 16).

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

This case was filed as a putative class action, and accordingly Plaintiff requests that the Court set a date for the Plaintiff to move for class certification.

7

Defendant intends to move for summary judgment following resolution of Plaintiff's anticipated motion for class certification.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Defendant filed its Disclosure of Interested Parties (ECF No. 15).

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Anthony Paronich
Texas Bar Number MA678437
Paronich Law, P.C.
350 Lincoln Street Ste. 2400
Hingham, MA 02043
Phone:  617-485-0018

---

Michelle Reed
Texas Bar No. 24041758
Paul Hastings LLP
2001 Ross Avenue, Suite 2700,
Dallas, TX 75201
Telephone:  (972) 936-7500

Stephanie Balitzer
California State Bar No. 316133
Jeni Griffin
California State Bar No. 359758
Paul Hastings LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone:  (213) 683-6000

*Counsel for Defendant*

8

DATED:          August 7, 2026                    Respectfully submitted,


**PARONICH LAW P.C.**                              **PAUL HASTINGS LLP**


By: */s/ Anthony Paronich*
    **ANTHONY PARONICH**                    By: */s/ Michelle Reed*
    *anthony@paronichlaw.com*                   **MICHELLE REED**
    350 Lincoln Street Ste. 2400                *michellereed@paulhastings.com*
    Hingham, MA 02043                           2001 Ross Avenue
    Phone:  617-485-0018                        Suite 2700
                                   Dallas, TX 75201
                                     (972) 936-7500 (main)
                                     (972) 936-7501 (facsimile)

                                     **STEPHANIE BALITZER** (admitted pro hac vice)
                                     California State Bar No. 316133
                                     *stephaniebalitzer@paulhastings.com*
                                     **JENI GRIFFIN**  (admitted pro hac vice)
                                     California State Bar No. 359758
                                     *jenigriffin@paulhastings.com*
                                     515 South Flower Street
                                     Twenty-Fifth Floor
                                     Los Angeles, California  90071-2228
                                     Telephone: 1(213) 683-6000
                                     Facsimile:  1(213) 627-0705

                                     Attorneys for Defendant
                                     TMII ENTERPRISES, LLC D/B/A A1 GARAGE DOOR DOCTOR